IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRIDE TRANSPORTATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:08-CV-007-Y |
| v. | § | |
| | § | |
| CONTINENTAL CASUALTY COMPANY, | § | |
| AND LEXINGTON INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT CONTINENTAL CASUALTY COMPANY'S OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE AND BRIEF IN SUPPORT

CONTINENTAL CASUALTY COMPANY, Defendant ("Continental"), files these objections to the evidence submitted by Plaintiff Pride Transportation in its Appendix to its Response to Continental Casualty Company's and Lexington Insurance Company's Motion for Summary Judgment (Docket Nos. 161-164).

### OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

**I.     Fred Shuchart Affidavit.**

Continental moves to strike the Affidavit of Fred Shuchart (the "Shuchart Affidavit") (Pride App. 791-99),[1] an expert witness designated by Pride, because the affidavit merely offers inadmissible legal conclusions. Pride candidly acknowledges as much in its Response:

> Plaintiff is aware that this Court does not need assistance in understanding the law of this or any other state. However, to the extent that the application of the law to the facts of this case would be of assistance to the Court, Pride refers the Court to the affidavit of Fred Shuchart.

---

[1] References to "Pride App." are to Pride's Appendix to its Response to Continental Casualty Company's and Lexington Insurance Company's Motion for Summary Judgment (Docket Nos. 161-164).

**DEFENDANT CONTINENTAL CASUALTY COMPANY'S OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE AND BRIEF IN SUPPORT**                    1

*See* Pride Response at 20.  The case law is clear that expert testimony regarding conclusions of law is inappropriate and inadmissible. *See Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) ("[A]n expert may **never** render conclusions of law." (emphasis added)); *Am. Home Assur. Co. v. Cat Tech, LLC*, 717 F. Supp. 2d 672 (S.D. Tex. 2010) (rejecting expert report on grounds that it was "in essence a legal brief" and "[d]espite its permissive language, Rule 704 'does not allow an expert to render conclusions of law.'"); *Guzman v. Mem'l Hermann Hosp. Sys.*, 637 F. Supp. 2d 464 (S.D. Tex. 2009) (Rule 704 does not permit expert witnesses to offer conclusions of law).  The Shuchart Affidavit contains only legal opinions and conclusions, is not competent or admissible summary judgment evidence, and should be stricken.

Even if legal opinions were admissible, many of Shuchart's legal opinions are incorrect, rending his opinions unreliable and irrelevant. FED. R. EVID. 702; *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (quoting *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007)) ("When evaluating expert testimony, the overarching concern is whether or not it is relevant and reliable."); *Martinez v. Porta*, 601 F. Supp. 2d 865, 866 ("While it is true that a qualified expert is not prohibited, ipso facto, from expressing an opinion on an ultimate issue of fact, such an opinion cannot be based on an erroneous legal premise.").

For example,  Shuchart incorrectly opines in his affidavit that there "is no authority in Texas for the proposition that an insurance company can favor one insured over the other, especially when the other is the named insured and both are parties to the litigation." Pride App. at 798.  To the contrary, it is well settled that an insurer may settle on behalf of one insured even if doing so exhausts the policy and leaves another insured without coverage or a defense. *See Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 764-65 (5th Cir. 1999); *Tex.*

*Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312 (Tex. 1994).   In fact, the Fifth Circuit has **explicitly rejected** Shuchart's argument:

> Central to all of Citgo's contentions regarding the auto and umbrella policies is its claim that under Texas law an insurer cannot favor one insured over another in obtaining settlements. By settling on behalf of Wright, Travelers favored Wright over Citgo and thus allegedly breached this duty. **We conclude that this argument is without merit.**

*Citgo*, 166 F.3d at 764 (emphasis added).   The court stated that it **"reject[ed] Citgo's invitation to create a special duty for insurers when multiple parties are covered under the policy[.]"** *Id.* (emphasis added).   Because Shuchart's opinion is contrary to the law—and has been explicitly rejected by the Fifth Circuit—it is unreliable, irrelevant, and inadmissible.

Shuchart also criticizes Continental for acting unreasonably by "allowing" the excess carrier, Lexington, to use Continental's tendered policy proceeds to settle only the Hatleys' claims against Harbin instead of claims against both Pride and Harbin.   This opinion is also irrelevant and unreliable because the effect of Continental's tender to Lexington was Continental's relinquishment of control over how the policy limits were spent. *Employers Nat'l Ins. Co. v. Gen. Accident Ins. Co.*, 857 F. Supp. 549, 551 (S.D. Tex. 1994) (excess carrier controls defense once the primary insurer tenders its limits, which provides the excess carrier with discretion to use the primary insurer's limits as it sees fit).   After tendering its limits, Continental had no right or obligation to control Lexington.

Shuchart also erroneously opines that the Texas Supreme Court's opinion in *Trinity Universal Ins. Co. v. Bleeker*, 966 S.W.2d 489 (Tex. 1998) required that the Hatleys release Pride's unasserted common-law indemnity claim against Harbin.   In Shuchart's affidavit, he states that the Hatleys were "required to protect the insured from claims which may be asserted by any party, including a third party, stemming from the incident."   At his deposition, however, Shuchart acknowledged "the way the sentence [in his affidavit] was phrased was overly broad."

Continental Supp. App. 0012-0013 (Shuchart Deposition at 88:11-89:3).[2]  Shuchart's affidavit

and opinion in this regard are unreliable for this reason alone.  Shuchart also acknowledged that

*Bleeker* involved statutory hospital liens, and admitted that he knows of no case law extending

the *Bleeker* principles regarding hospital liens to encompass a common-law indemnity claim.

Continental Supp. App. 0011-0012, 0017-0018 (Shuchart Deposition at 87:10-88:10, 91:1-4;

126:5-127:2).

Shuchart also criticizes Continental for not making an attempt to settle within its

$1,000,000 policy limits on behalf of both insureds.  Pride App. at 798.  Yet Shuchart

acknowledged at his deposition that Continental had no obligation under Texas law to make or

solicit settlement demands.  Continental Supp. App. 0006-0007, 0009-0010  (Shuchart

Deposition 26:12-27:6, 79:20-80:9); Continental Supp. App. 0036 (2006 Shuchart Deposition at

76:14-21).

## II.    Greg Low Affidavit

Continental objects to the improper legal conclusions contained in the Affidavit of

Gregory Ralph Low (Pride App. at 1-5).  Specifically, Low purports to opine that Continental's

withdrawal of its defense in the Hatley Lawsuit was improper; that payment of the policy limits

to the Hatleys was unreasonable, reckless, and negligent; and that favoring one insured over

another was improper.  *See* Pride App. 0004 (Low Aff. at ¶17).  Continental objects to these

legal conclusions and requests that they be stricken.

---

[2] References to "Continental Supp. App." are to the Supplemental Appendix in Support of Motion for Summary Judgment filed with its Reply in Support of Motion for Summary Judgment.

### III. Hearsay reports.

Pride submitted two documents that are purportedly expert reports from the Hatley Lawsuit (Pride App. 1242-83). Continental objects that the reports are inadmissible hearsay. FED. R. EVID. 801, 802.

WHEREFORE, Defendant Continental Casualty Company respectfully requests that the Court sustain its objections and strike Pride's improper summary judgment evidence. Continental further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

/s/ David H. Timmins
David H. Timmins
SBN 00785106
Colin G. Martin
SBN 24013105
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
(214) 999-4720 (Telephone)
(214) 999-3720 (Fax)
**ATTORNEYS FOR CONTINENTAL CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon counsel listed below, as indicated, on this 22nd day of December, 2010.

R. Brent Cooper                                        *Via ECF*
Timothy M. Dortch
COOPER & SCULLY
900 Jackson Street, Suite 100
Dallas, Texas 75202

Barbara K. Berrett                                     *Via ECF*
Mark D. Taylor
BERRETT & TAYLOR, L.C.
405 S. Main Street, Suite 1050
Salt Lake City, UT 84111

Edward A. Davis                                        *Via ECF*
HARTLINE, DACUS, BARGER,
    DREYER & KERN, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

Chester J. Makowski                                    *Via ECF*
C. Scott Kinzel
Jennifer J. Stein
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1001 McKinney, Suite 1100
Houston, Texas 77002

/s/ David H. Timmins
David H. Timmins
